IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 14-cv-02461-PAB

KEVIN A. MOORE,

    Petitioner,

v.

DEBORAH DENHAM, Warden,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

    This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 5] ("the Application") filed *pro se* by Petitioner Kevin A. Moore. On October 29, 2014, Respondent was ordered to show cause why the Application should not be granted. On November 13, 2014, Respondent filed a Response to Order to Show Cause ("the Response") [Docket No. 17]. Mr. Moore has not filed a reply. After reviewing the pertinent portions of the record in this case, including the Application and the Response, the Court concludes that the Application should be denied.

**I. RELEVANT FACTUAL AND PROCEDURAL HISTORY**

    Mr. Moore is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Englewood Federal Correctional Institution in Littleton, Colorado serving a 400-month sentence for Murder and Conspiracy to Commit Murder in violation of 18 U.S.C. §§ 1111 & 1117. Mr. Moore filed this action challenging the validity of a prison disciplinary conviction. According to Mr. Moore, he was assaulted in the doorway of his

cell. Specifically, on April 25, 2014, Mr. Moore heard his cell door open. When he turned around, he was punched in the nose and hit several more times by inmate Trey Tillman. When Petitioner tried to grab Tillman's leg to stop him, Tillman spun around and ran out of Petitioner's cell and back into his cell.

As a result of this incident, on May 5, 2014, Petitioner was charged with a violation of 201: Fighting with another person. He received a copy of the report on May 6, 2014. Docket No. 17-1 at 28. On May 14, 2014, Mr. Moore appeared before a discipline hearing officer ("DHO"). The DHO found that Moore committed the prohibited act of fighting based on the following evidence:

> B. Summary of inmate statement: I was not in a fight, I was assaulted. I was just in the doorway of my cell and heard the door open. I turned around and punched in the nose, which dazed me. I believe it is still broken. I stumbled back and he came at me hitting me several more times. I tried to grab his leg but he spun around and ran out of my cell and into his cell. I came out of my cell but there were two guys in front of his cell blocking it. I went to the bathroom and cleaned up. After that I told him if he wanted to fight now my back wasn't turned. I didn't even know this guy. If I get convicted of fighting it would just be rewarding him. He came into my cell and ran out. I tried to grab him to stop but I wasn't throwing punches.
> 
> . . .
> 
> The inmate's due process rights were reviewed by the DHO, during the hearing.
> 
> The inmate stated he understood his rights, did not submit documentary evidence, and confirmed he did request witnesses and did not request staff representation. The witness was not called to the hearing as he had already provided a statement that he had no firsthand knowledge of the incident.
> 
> The inmate's statement to the DHO is documented above.
> 
> After being advised of his rights the inmate stated to the Investigative Lieutenant: "I was standing in my cell and a guy came in and started punching me. He hit me a few time [sic] before I even put my hands up. I

didn't even know that I hit him. I grabbed him by the legs but I wasn't fighting, I was defending myself."

After being advised of his rights the inmate stated to the UDC: Inmate stated he acted in self-defense.

As stated in the incident report:
    On 5-5-2014 at 10:00 am, SIS completed an investigation utilizing the NiceVision camera system and inmate interviews. It was determined that on 4-25-14 at approx. 4:44 pm, inmate Trey Tillman entered the room of Inmate Kevin Moore in Lower East. At 4:45 pm, Inmate Tillman is seen being pushed out of the cell door into the hallway, throwing a punch with his right arm towards the cell and then wrestling his way back into the cell. He leaves at 4:46 pm and returns to his cell. Inmate Moore is seen standing in the hallway at approx. 4:53 pm and appears to be yelling into Inmate Tillman's cell across the hall and then proceeding to the area of the range bathroom. At approximately 7:32 pm, both inmates were located, escorted to the Lt's Office, photographed and medically assessed prior to being placed in the Special Housing Unit. Both inmates displayed injuries consistent with a physical altercation. During interviews by SIS, inmate Moore admitted to returning punches after inmate Tillman entered his cell and began punching him.

Memorandum from Lt. K. White dated April 25, 2014. The Lower East Officer, Bishop notified the Operations Lt. of a drop note he received stating inmates Moore, Kevin and Tillman, Trey were involved in a fight. Both inmates were located and escorted to the Lieutenant's office. Inmate Moore had bruises and contusions to the face and inmate Tillman had a small laceration to the lower lip. All injuries were consistent with being involved in a physical altercation. Both inmates were photographed, then medically assessed by P.A. Urbano, prior to being placed in the SHU.

During an interview with inmate Moore, he stated he was standing in his cell when an unidentified Native American inmate entered his cell and began assaulting him. Moore stated [he] was punched several times to the face and head. Moore stated he threw a couple of punches back and his attacker ran out of the cell. Moore stated he departed his cell to go after the inmate, but was met in the hallway by two other Natives who blocked his path.

The DHO did consider the following interview from the SIS Investigation. On April 29, 2014, at 1:30 p.m., I interviewed inmate Kevin Moore in the Special Housing Unit concerning the fight he was involved in on April 25, 2014, with inmate Trey Tillman. Moore stated he was standing inside his

3

> cell by the door just after the 4:15 p.m. count cleared when the door opened and a Native American inmate that he recognized as living directly across the hall from him entered the room and "sucker punched" him. Moore then stated that he "flew across the room" and landed on the floor next to his desk. Moore further stated that as he "came to his senses" he got up off of the floor and started "swinging" in the general direction of his attacker, but didn't know if any punches actually made contact. Moore stated that the Native American inmate left his room after that and he followed him into the hallway and yelled at the "snake that sucker punched me for no reason" but did not attempt to enter the other inmate's cell. He (Moore) then went to the bathroom at the end of the range. Moore said that after he washed up, he returned to his room.
>
> After careful consideration, the DHO found that the inmate committed the prohibited act(s) of Code 201, Fighting, based on the greater weight of the evidence. On April 25, 2014 you were involved in a fight with another inmate inside your cell. You deny the charge stating you were assaulted. You stated to the DHO that you tried to grab the other inmate to keep him from hitting you, but you did not throw any punches. The DHO considered your denial of the charge; however the DHO noted that you have provided conflicting statements during the disciplinary process which damaged your credibility. Although you stated to the DHO you did not throw any punches, in two previous interviews you stated you did throw punches. Additionally the other inmate did receive an injury of a small laceration to the lower lip. The DHO believes you were less than truthful in an effort to avoid the consequences for your actions. The DHO believes the evidence shows you did not initiate the fight, however by retaliating with punches you are in violation of Code 201 Fighting.

Docket No. 17-1 at 12-13.

Following the DHO hearing, Mr. Moore was convicted of the disciplinary offense and was sanctioned with fifteen days disciplinary segregation, the loss of mail privileges for sixty days, and the loss of twenty-seven days of good-time credit. Docket No. 17-1 at 14. Petitioner appealed the disciplinary action, claiming that his actions were taken in self-defense. In denying his appeal, the Regional Director noted that "[t]he DHO considered your statement of defense at the hearing that you were the victim of an assault, but found the greater weight of the evidence supported you committed the

prohibited act based on medical assessments documenting injuries to the other inmate and your conflicting statements during the disciplinary process." Docket No. 5 at 7. Petitioner filed a final appeal, which appears to have been pending when he filed the instant action. Docket No. 5 at 8.

On September 4, 2014, Mr. Moore filed an action in this court seeking expungement of this disciplinary conviction. Docket No. 5. His sole claim is that he had the right to act with the minimal amount of force to protect himself.

## II. STANDARD OF REVIEW

The Court must construe the Application and the Reply liberally because Mr. Moore is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. See Hall, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Moore "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

The 5th Amendment protects federal prisoners against the deprivation of liberty or property without due process of law. To sufficiently plead a due process claim, Mr. Moore must allege facts showing:  1) that he was deprived of a liberty or property

interest; and 2) that the procedures required prior to such a deprivation were not properly observed. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("those who seek to invoke [the due process clause's] procedural protection must establish that one of these interests is at stake").

In *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974), the Supreme Court held that prisoners had a liberty interest in receiving good time credits that could not be deprived in a prison disciplinary proceeding without procedural due process protections. Notwithstanding, the Court held that prison disciplinary proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. If a protected liberty interest is implicated, procedural due process requires that a prison inmate facing disciplinary charges be provided: 1) the right to appear before an impartial decision-making body; 2) twenty-four hour advance written notice of the charges; 3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional security or correctional goals; 4) assistance from an inmate representative, if the charged inmate is illiterate or if the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case; and 5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. *Id*. at 563-71. In addition, procedural due process requires that "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (internal citation and quotation marks omitted).

In the instant case, it is apparent upon review of the record that Petitioner was afforded each of the due process protections required by *Wolff* in connection with the disciplinary proceeding at issue in this action. Specifically, he received the opportunity to appear before a DHO, he was provided with written notice of the charges against him, and he received a copy of his rights and notice of his disciplinary hearing, which were delivered to him more than twenty-four hours before his hearing. Also, Petitioner was provided with the opportunity to call witnesses as well as his right to staff representation. Finally, Petitioner was provided with the DHO's report which provided a thorough written explanation of the DHO's decision, as well as the evidence relied upon and the rationale for the decision.

Moreover, the DHO's decision was supported by some evidence. The determination of whether that standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Under *Hill*, judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support. *Id*. at 457.

Mr. Moore states that he is entitled to expungement because he acted in self-defense. However, self-defense is not a valid defense to assault in the context of a prison disciplinary action. *Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir. 1994). Thus, prisons may discipline inmates who engage in violence even if the inmate did so to protect himself. As such, the DHO

was permitted to find Mr. Moore guilty of fighting regardless of motivation. *Scruggs v. Jordan*, 485 F.3d 934, 938-39 (7th Cir. 2007).

Mr. Moore was permitted to argue self-defense at his hearing. However, as found by the DHO, there is more than "some evidence" in the record to conclude that Mr. Moore engaged in the prohibited conduct of fighting with another person. It is apparent upon review of the record that the DHO's decision was based on "the greater weight of the evidence" and that the DHO properly documented his findings and specific evidence relied on in reaching those findings as required by 28 C.F.R. § 541.17(g). Thus, Mr. Moore received all the due process protections required for the deprivation of a protected liberty interest. Therefore, he is not entitled to relief.

## IV.  CONCLUSION

In summary, the Court finds that Mr. Moore is not entitled to any relief and the Application will be denied. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 5] is denied and this case is dismissed with prejudice.

DATED May 27, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge